# COMPOSITE EXHIBIT A

ome (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)





**HARVEY RUVIN**
**CLERK** *of the* **COURTS**
**MIAMI-DADE COUNTY, FLORIDA**

# Miami-Dade County Civil, Family and Probate Courts Online System

◀◀ Back to Results

## MELINDA NIEVES VS CITY OF HIALEAH ET AL

**Local Case Number:** 2017-015211-CA-01

**Filing Date:** 06/23/2017

**State Case Number:** 132017CA015211000001

**Case Type:** Other Negligence

**Consolidated Case No.:** N/A

**Judicial Section:** CA02

**Case Status:** OPEN

---

### 👥 Parties

**Number of Parties: 4** ▬

☛ Export to ▾

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | Nieves, Melinda | **B#: (Bar Number)402494**<br>*N: (Attorney Name)Obront, Curt* | |
| Defendant | City of Hialeah | | |

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Defendant | Goitia (Officer), Roque | | |
| Defendant | Perez (Officer), Jose | | |

## ✠ Hearing Details

**Number of Hearing: 0** ✚

## 🔊 Dockets

**Dockets Retrieved: 11** ━

[➔ Export to ▾]

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| [▤] | 10 | 07/11/2017 | | Service Returned | Event | |
| [▤] | 9 | 07/06/2017 | | Service Returned | Event | |
| [▤] | 8 | 06/28/2017 | | Court Correspondence Letter | Event | |
| [▤] | 7 | 06/28/2017 | | Court Correspondence Letter | Event | |
| | 6 | 06/28/2017 | | Receipt: | Event | RECEIPT#:2810053 AMT PAID:$40.00 ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 4 $10.00 $40.00 TENDER TYPE:VISA CARD TENDER AMT:$140.00 RECEIPT DATE:06/28/2017 REGISTER#:281 CASHIER:HPUPO |
| | | 06/28/2017 | | 20 Day Summons Issued | Service | |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 5 | 06/28/2017 | | 20 Day Summons Issued | Event | *Parties: City of Hialeah; Goitia (Officer) Roque; Perez (Officer) Jose* |
| 4 | 06/28/2017 | | Receipt: | Event | **RECEIPT#:3570067 AMT PAID:$401.00 NAME:OBRONT, CURT OBRONT COREY, PLLC 100 SOUTH BISCAYNE BLVD, STE 80 MIAMI FL 33131 ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT** |
| 3 | 06/23/2017 | | Complaint | Event | |
| 2 | 06/23/2017 | | Civil Cover | Event | |
| 1 | 06/23/2017 | | Civil Cover | Event | |

◄◄ Back to Results

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH)

| Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)

Home (http://www.miami-dadeclerk.com/home.asp)

| Privacy Statement (http://www.miamidade.gov/info/privacy_and_security.asp)

| Disclaimer (http://www.miamidade.gov/info/disclaimer.asp)

| Contact Us (http://www.miami-dadeclerk.com/contact.asp)

| About Us (http://www.miami-dadeclerk.com/about.asp)

MIAMI-DADE
COUNTY

(http://www.miamidade.gov)

2015 Clerk of the Courts. All Rights reserved.

S0142977

*AMS*

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 17-15211 CA 01

MELINDA NIEVES

      Plaintiff,

vs.

CITY OF HIALEAH, a Municipal
Corporation; Officer Roque Goitia
and Officer Jose Perez,

      Defendants.

_____/

**SUMMONS**

Florida Bar No. 402494

*6/30/17*
*1200p~*
*pv 1312*

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve the Summons and a copy of the Complaint or petition in
this action on defendant(s):

          City of Hialeah
          c/o Mayor Carlos Hernandez
          501 Palm Avenue
          Hialeah, Florida 33010

Each Defendant is required to serve written defenses to the Complaint or petition on Plaintiff's
attorney, to-wit:

          Curt Obront, Esq.
          Obront Corey PLLC
          200 South Biscayne Boulevard
          Suite 2940
          Miami, Florida 33131
          Phone: (305) 373-1040
          Fax:    (305) 373-2040

Within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, Dade County Courthouse, 73 West Flagler Street, Miami, Florida 33130 either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

Dated on  **JUN 2 8 2012**

HARVEY RUVIN
As Clerk of the Court

By: ___**HECTOR PUPO**_____
Deputy Clerk

Filing # 58201579 E-Filed 06/23/2017 04:03:50 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 17-15211 (CW01

MELINDA NIEVES,

     Plaintiff,

vs.

CITY OF HIALEAH, a Municipal
Corporation; Officer Roque Goitia
and Officer Jose Perez,

     Defendants.

_____/

## COMPLAINT

    COMES NOW the Plaintiff, MELINDA NIEVES, by and through the undersigned counsel

and files this complaint against the Defendant, CITY OF HIALEAH, a Municipal Corporation;

Officer Roque Goitia and Officer Jose Perez, and as grounds in support hereof would state as

follows:

    1. This is an action for damages in excess of the minimum jurisdictional limits of this Court

exclusive of interest and costs.

    2. At all times material hereto, the Plaintiff, MELINDA NIEVES, was and is a resident of

Miami-Dade County, Florida.

    3. At all times referred to herein, the Defendant, OFFICER ROQUE GOITIA, was acting

under color of law as a police officer employed by the City of Hialeah Police Department located

1

in Miami-Dade County, Florida, and was acting within the course and scope of his employment with the City of Hialeah Police Department.

4. At all times referred to herein, the Defendant, OFFICER JOSE PEREZ, was acting under color of law as a police officer employed by the City of Hialeah Police Department located in Miami-Dade County, Florida, and was acting within the course and scope of his employment with the City of Hialeah Police Department.

5. The Defendant, CITY OF HIALEAH, (hereinafter the "CITY") is a municipal corporation located in Miami-Dade County, Florida. The "CITY" owns, operates, manages, directs and controls the CITY OF HIALEAH POLICE DEPARTMENT.

6. The Defendant, CITY OF HIALEAH, was at all relevant times responsible for its employees. CITY OF HIALEAH POLICE DEPARTMENT is charged under the law with the duty of hiring, supervising, training, disciplining, and establishing policy so that the conduct of its employees will conform to the Constitutions of the State of Florida and of the United States, as well as the law of said sovereigns.

7. The Plaintiff herein brings claims under State law cognizable under Florida Statute 768.28 (Waiver of Sovereign Immunity) as well as federal claims to redress violations of federally-protected constitutional rights pursuant to 42 U.S.C. Section 1983 and Section 1988, and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States.

8. Pursuant to Section 768.28, Fla. Stat., Plaintiff provided written notice of this claim to CITY OF HIALEAH and the Department of Financial Services. A copy of the notice letter is attached as Exhibit "A". The Department of Financial Services has been served with a copy of this complaint. All other conditions precedent to this action have been performed, excused, or waived.

9. Venue properly lies in this Court because all events giving rise to this action occurred in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

10. On June 29, 2013, the Plaintiff, MELINDA NIEVES, resided at 1631 E. 8th Avenue, Hialeah, Florida with her husband and minor children.

11. The house was owned by their roommate, the ex-husband of Ms. Jessica Yvette Osorio ("Osorio"), Mr. Lou Ronald Walker, who had an active Circuit Court Miami-Dade County domestic violence injunction issued against his ex-wife Osorio that was in effect on the date of the incident (Case No. 12-013410 FC 04).

12. On that date and time, Ms. Osorio, in blatant violation of the domestic violence injunction, came to the residence which she was ordered to stay a minimum of 500 feet away from and began banging on the doors and windows of the residence; kicking the Plaintiff's vehicle; and threatening the Plaintiff and her family.

13. The Plaintiff called 911 to report Ms. Osorio was at the residence in violation of a Domestic Violence Restraining Order and was threatening her and her family, and the police responded.

14. The names and badge numbers of the responding City of Hialeah officers were: (1) Officer Roque Goitia (Badge No. 004/01785); (2) Officer Jesus Menocal (Badge No. 004/01683); and Officer Jose Perez (Badge No. 004/01779). These officers responded to a dispatch reference the Plaintiff's 911 call regarding Ms. Osorio's threats and Domestic Violence Restraining Order violation.

15. Rather than arresting Ms. Osorio, the criminal trespasser who was violating the domestic violence injunction in plain view of the officers, they arrested the Plaintiff for "assault".

3

16. Based on a subsequent investigation by Plaintiff, it was learned that the arresting officers knew Ms. Osorio personally and were filmed by Ms. Osorio's ex-husband, Mr. Walker, at his residence prior to this incident. The officers did not know that Ms. Osorio's ex-husband, Mr. Walker, had filmed them and his ex-wife, Ms. Osorio, on his property from his cell phone at his residence prior to Plaintiff's arrest date. Indeed, Officer Goitia was filmed seat-belting Mr. Walker's six year old son into the front seat of a vehicle without a car seat while parked in the yard of his residence at 1631 E. 8th Avenue, Hialeah, Florida.

17. The Defendant officers testified they never met Mr. Walker's ex-wife, Ms. Osorio, prior to the June 29, 2013 arrest date of the Plaintiff at the Walker residence during their sworn deposition testimony in the criminal case, and further denied knowing Ms. Osorio had a restraining order issued against her by this Court from being 500 feet of the Walker residence.

18. The Plaintiff was targeted and arrested as a criminal rather than as the victim of an assault from a domestic violence injunction violator for which the Plaintiff called 911 for protection. The officers, all of whom were acting within the course and scope of their employment with the City of Hialeah Police Department, had a prior personal relationship with Ms. Osorio which they covered up after the arrest of the Plaintiff, and testified falsely about in deposition by denying they knew who she was before the day of the Plaintiff's arrest.

19. The Plaintiff, Ms. Nieves, verbally protested to the officers for not arresting Ms. Osorio who was in blatant violation of the domestic violence restraining order. However, the officers told the Plaintiff she was going to be placed under arrest if she did not remain quiet, and then arrested Plaintiff on account of her verbal protests for their lack of action in failing to enforce a court order.

20. The Plaintiff was unaware at the time of her arrest, that the officers had a personal relationship with Ms. Osorio which pre-dated her arrest and an agenda to protect Ms. Osorio at

4

any cost including arresting the victim, Ms. Nieves and not Ms. Osorio who was in blatant violation of an active restraining order which automatically should have resulted in her arrest under Florida law.

21. The cover up is documented in the deposition testimony of Officer Goitia denying knowing Ms. Osorio before the incident which is contradicted by the video evidence reflecting Officer Goitia's prior relationship with Ms. Osorio, where he was filmed by Ms. Osorio's ex-husband with Ms. Osorio and their six year old son at his residence prior to the date Plaintiff was arrested in the instant case. Further, the fact that the officers arrested the Plaintiff, the victim of the assault, and not Ms. Osorio, who was openly and notoriously violating an active domestic violence restraining order issued by the Circuit Court, Miami-Dade County, Case No. 12-013410 FC 04, is further evidence of the officers' intent to violate the Plaintiff's civil rights.

22. None of the arresting officers made any attempt to verify whether Ms. Osorio had an active Domestic Violence Restraining Order against her which they were told about repeatedly by the Plaintiff and her family members who were present and which was the subject of Plaintiff's 911 call they were responding to. Rather, they did nothing to verify and/or enforce the blatant violation of that court order which should have resulted in Ms. Osorio's immediate arrest.

**Count I**
**Fourth Amendment Unlawful Seizure and First Amendment Retaliation Claims**
**Against Defendants Officer Roque Goitia and Officer Jose Perez Individually**
**Cognizable Under 42 U.S.C. Section 1983**

23. Plaintiff re-alleges and adopts, as if fully set forth in Count I, the allegations of Paragraphs 1 through 22.

24. The Defendants, Officer Roque Goitia and Officer Jose Perez proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed a criminal offense.

25. At all times material hereto, it was clearly established that police officers are prohibited from arresting individuals without probable cause to reasonably believe that an individual has committed a crime. U.S. Constitution, Amendments IV; V; XIV; VI; and VIII.

26. At all times material hereto, it was clearly established that individuals shall not be deprived of one's liberty, or property without due process of law.

27. At all times material hereto, it was clearly established that "the freedom of individuals to verbally oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state". City of Houston v. Hill, 107 S.Ct. 2502, 2510 (1987).

28. At all times material hereto, it was clearly established that speech is protected under the First Amendment as long it does not physically obstruct the officer and is not "likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest". Id. at 2009-10.

29. The conduct of Defendants, Officer Roque Goitia and Officer Jose Perez towards Plaintiff, as set forth herein, was in retaliation for Plaintiff's protected speech, objectively and reasonable, and in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983 to be free from arrest in the absence of probable cause. Bennett v. Hendricks, 423 F.3d 1247, 1255-56 (11th Cir. 2005).

30. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. Section 1983, Plaintiff has suffered grievously, both emotionally and physically, has been brought into public scandal, and with great humiliation, mental suffering and damaged reputation, including business reputation/good will.

31. As a further, direct and proximate result of the conduct of Defendants, Officer Roque Goitia and Officer Jose Perez, Plaintiff suffered loss of her liberty and freedom, mental anguish, and loss of the capacity for the enjoyment of life, and physical injury. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays judgment for compensatory damages, cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. Section 1988; trial by jury as to all issues so triable; and such other relief as this Court may deem just and appropriate.

**Count II**
**Malicious Prosecution Against Defendants**
**Officer Roque Goitia and Officer Jose Perez Individually**

32. Plaintiff re-alleges and adopts, as if fully set forth in Count II, the allegations of Paragraphs 1 through 22.

33. No reasonably cautious police officer could believe Plaintiff was guilty-in-fact of any criminal offense.

34. The Defendants, Officer Roque Goitia and Officer Jose Perez, individually, proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice and in the absence of probable cause that Plaintiff committed any criminal offense by causing police reports to be submitted to prosecuting authorities containing material false statements and material omissions.

35. The conduct of the Defendants was reckless and without regard as to whether the institution or continuation of criminal proceedings against Plaintiff were justified.

36. At all times material hereto, the Defendants knew that their sworn "Probable Cause Affidavit" which contained false statements and/or material omissions would be submitted to

7

prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal proceedings against Plaintiff.

37. The Defendants knew their Police Incident Reports which contained false statements and/or material omissions would be submitted to prosecuting authorities for the institution and continuation of criminal proceedings against Plaintiff.

38. The Defendants knew their sworn deposition testimony which contained false statements and/or material omissions in the criminal case would be utilized in prosecuting the Plaintiff.

39. The criminal proceedings, instituted or continued by the Defendants, in the County Court, Miami-Dade County, Case No. B13-28270, reached a bona fide resolution in Plaintiff's favor.

40. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation including business reputation/good will.

41. As a further direct and proximate result of the conduct of the Defendants, Officer Roque Goitia and Officer Jose Perez, individually, Plaintiff suffered loss of her liberty and freedom, mental anguish, and loss of the capacity for the enjoyment of life, and physical injury. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses into the future, in violation of Plaintiff's rights. As a result of the criminal proceedings commenced or continued by the Defendants, it was necessary for Plaintiff to retain the services of a criminal defense attorney to defend herself against the charges instituted or continued by the Defendants.

WHEREFORE, Plaintiff prays judgment for compensatory damages; cost of suit; and trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

### Count III
### False Arrest/False Imprisonment Claim Against
### Defendants Officer Roque Goitia and Officer Jose Perez Individually

42. Plaintiff re-alleges and adopts, as if fully set forth in Count III, the allegations of Paragraphs 1 through 22.

43. Defendants, Officer Roque Goitia and Officer Jose Perez proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

44. The actions of Defendants, Officer Roque Goitia and Officer Jose Perez, in causing the arrest of Plaintiff in the absence of probable cause, were taken in the absence of lawful authority. The actions of the Defendants, Officer Roque Goitia and Officer Jose Perez constitute false arrest/false imprisonment under Florida law.

45. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, both emotionally and physically, mental suffering, and damaged reputation, including business reputation/good will.

46. As a further, direct and proximate result of the conduct of the Defendants, Officer Roque Goitia and Officer Jose Perez, Plaintiff suffered the loss of her liberty and freedom, mental anguish, and loss of the capacity for the enjoyment of life, and physical injury. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

9

(a) Judgment for compensatory damages;

(b) Cost of suit;

(c) Trial by jury as to all issues so triable; and

(d) Such other relief as this Honorable Court may deem just and appropriate.

<u>Count IV</u>
<u>Negligent Hiring; Retention; and Training - Defendant City of Hialeah</u>

47. Plaintiff re-alleges and adopts, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 22.

48. At all times material herein, the Defendant, CITY OF HIALEAH, owed a duty to the public, and the Plaintiff in particular, to exercise reasonable care in the retention, supervision, training and hiring of its employees and in particular the law enforcement and police officers including those responsible for the arrest and/or detention of the Plaintiff.

49. Notwithstanding the duties, the Defendant breached said duties in one or more of the following ways:

(A) Negligently retained police officers who Defendant knew or should have known were dangerous, unreasonable, and unnecessarily derelict in the performance of their duties and prone to be reckless and careless in the performance of duties;

(B) Negligently or inadequately trained police officers in the performance of their duties and in connection with performance of departmental policy and practice of City of Hialeah regarding rules and regulations of police officers when in contact with the general public and in particular the Plaintiff;

(C) Negligently hired police officers without first conducting adequate psychological evaluations or hired police officers notwithstanding the knowledge, actual or

10

constructive, that said officers were unfit for a particular level, position, or level of responsibility the Defendant entrusted upon them; and

(D)   Negligently supervised police officers in the performance of their duties, enforcement of City of Hialeah policy in practice and/or departmental policy in practice at City of Hialeah as it pertains to the police officers.

50. As a direct and proximate result of the negligence and/or carelessness, the Defendant through its employees and police officers, Plaintiff, MELINDA NIEVES, was injured in and about her body and extremities, and/or suffered an aggravation of a known or unknown preexisting condition or disease, suffered great mental anguish, and the loss of capacity for the enjoyment of life, and in addition, suffered pain therefrom, incurred medical expenses in the treatment of such injuries, incurred pain and suffering, suffered diminution of working ability,  earning capacity and said injuries are either permanent or continuing in their nature, and Plaintiff will suffer such losses and impairment in the future.

WHEREFORE, Plaintiff, MELINDA NIEVES, demands judgment against Defendant, CITY OF HIALEAH, for compensatory damages and costs, and for trial by jury of all issues triable as of right by a jury.

### Count V
### Negligence – Vicarious Liability
### Defendant City of Hialeah – Respondeat Superior

51. Plaintiff re-alleges and adopts, as if fully set forth in Count V, the allegations of Paragraphs 1 through 22.

52. At all times material herein, the Defendant, CITY OF HIALEAH, employed Officers Goitia, Perez, and Menocal as police officers who were employed by the City of Hialeah Police Department.

53. At all times material herein, the Defendants, Officers Goitia, Perez, and Menocal owed a duty to the public, and the Plaintiff in particular, to exercise reasonable care in the exercise of their law enforcement and police functions.

54. Notwithstanding the duties, the Defendant, through their officers who were acting within the course and scope of their employment breached said duties in one or more of the following ways:

(A)     Failing to properly investigate a domestic violence injunction complaint which they were responding to;

(B)     Failing to verify if a subject of an emergency 911 domestic violence complaint has an open and active Domestic Violence Injunction against them prohibiting them from being where they are;

(C)     Failure to be cognizant of what constitutes the elements of a purported crime they arrest someone for;

(D)     Failure to properly investigate whether there is an active domestic violence injunction in the system against the individual being complained about by the victim;

(E)     Responding to complaints against persons who they have had a personal prior relationship with and allowing that personal relationship to interfere with their duty to properly enforce the law in a neutral fashion;

12

(F) Was otherwise negligent.

55. As a direct and proximate result of the negligence and/or carelessness, the Defendant through its employees and police officers, Plaintiff, MELINDA NIEVES, was injured in and about her body and extremities, and/or suffered an aggravation of a known or unknown preexisting condition or disease, suffered great mental anguish, and the loss of capacity for the enjoyment of life, and in addition, suffered pain therefrom, incurred medical expenses in the treatment of such injuries, incurred pain and suffering, suffered diminution of working ability, earning capacity and said injuries are either permanent or continuing in their nature, and Plaintiff will suffer such losses and impairment in the future.

WHEREFORE, Plaintiff, MELINDA NIEVES, demands judgment against Defendant, CITY OF HIALEAH, for compensatory damages and costs, and for trial by jury of all issues triable as of right by a jury.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as of right.

Respectfully submitted,

OBRONT COREY, PLLC
Attorneys for Plaintiff
100 S. Biscayne Boulevard
Suite 800
Miami, Florida 33131
Phone: (305) 373-1040
Fax:    (305) 373-2040

By: _____
    CURT OBRONT, ESQ.
    Florida Bar No. 402494

13

# OBRONT COREY, PLLC
## SOUTHEAST FINANCIAL CENTER
### 200 SOUTH BISCAYNE BOULEVARD, SUITE 2940
### MIAMI, FLORIDA 33131

## NOTICE OF INTENTION TO BRING CLAIM AGAINST
## CITY OF HIALEAH AND ITS OFFICERS
## PURSUANT TO FLORIDA STATUTE 768.28(a) ET SEQ.

Certified Mail                                      May 25, 2016
Return Receipt Requested

Mayor Carlos Hernandez
501 Palm Avenue
Hialeah, Florida 33010
(Receipt No. 7015 1520 0001 3950 3486)

Hialeah Police Department
5555 E. 8th Avenue
Hialeah, Florida 33013
(Receipt No. 7015 1520 0001 3950 3493)

Clerk of City Commissioners
501 Palm Avenue
Hialeah, Florida 33010
(Receipt No. 7015 1520 0001 3950 3509)

Risk Management Office
City of Hialeah
501 Palm Avenue
Hialeah, Florida 33010
(Receipt No. 7015 1520 0001 3950 3523)

Hialeah City Attorney
501 Palm Avenue
Hialeah, Florida 33010
(Receipt No. 7015 1520 0001 3950 3554)

The Florida Department of Insurance
200 E. Gaines Street
Tallahassee, Florida 32399
(Receipt No. 7015 1520 0001 3950 3561)

RE: Our Client: Melinda Nieves
Social Security No.: ▮▮▮▮▮▮▮▮▮
Date of Birth: ▮▮▮▮▮▮▮
Place of Birth: Miami, Florida
Date of Incident: 6/29/13

Judicial Penalties, Etc.:
There are no known adjudicated penalties, fines, fees, victim restitution fund, etc. owed by the plaintiff in excess of $200.00.

Greetings:

Please be advised that this office represents Melinda Nieves in connection with an incident which occurred on June 29, 2013 at 1631 E. 8th Avenue, Hialeah, Florida. On that date, the claimant was living at 1631 E. 8th Avenue, Hialeah, Florida with her husband and minor children.

The house belonged to their roommate, the ex-husband of Jessica Yvette Osorio, who had an active domestic violence injunction issued against his ex-wife that was in effect on the date of the incident. On that date and time, Ms. Osorio, in blatant violation of the domestic violence injunction, came to the residence which she was ordered to stay a minimum of 500 feet away from and began banging on the doors and windows of the residence; kicking the claimant's vehicle; and threatening the claimant and her family.

The claimant called 911 (as she had done the night before the incident for identical conduct), and the police responded. The names and badge numbers of the responding City of Hialeah officers are: (1) Officer Goitia (Badge No. 004/01785); (2) Officer Menocal (Badge No. 004/01683); and Officer Perez (Badge No. 004/01779). Rather than arresting Ms. Osorio, the criminal trespasser who was violating the domestic violence injunction in plain view, they arrested the claimant for "assault". (See attached Arrest Affidavit). The arresting officers knew Ms. Osorio personally, and were even filmed by her ex-husband riding around in their police car with his minor child with no child seat prior to this incident. The officers did not know the ex-husband had filmed them from his cell phone at his house prior to the incident. When asked about it in depositions, the officers pretended they did not know his ex-wife, Ms. Osorio, from before the incident.

The claimant was targeted and arrested as a criminal rather than as the victim of an assault from a domestic violence injunction violator for which the claimant called 911 to complain about. We now know the officers, all of whom were acting within the course and scope of their employment with the City of Hialeah Police Department, had a personal relationship with Ms. Osorio which they covered up after the arrest of the claimant. The cover up is documented in the deposition testimony of the officers and of course by the video evidence reflecting the prior relationship with Ms. Osorio, and of course by the fact that the officers arrested Ms. Nieves, the victim of the assault, and not Ms. Osorio.





SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Clerk of City Commissioners
501 Palm Ave.
Hialeah, FL 33010

9590 9403 0229 5146 8664 98

2. Article Number (Transfer from service label)

7015 1520 0001 3950 3509

PS Form 3811, April 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                     5/24/17

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Hialeah Police Dept.
5555 E. 8th Ave
Hialeah, FL 33013

9590 9403 0229 5146 8664 81

2. Article Number (Transfer from service label)

7015 1520 0001 3950 3493

PS Form 3811, April 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                     5/24/17

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt